UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 05-14742 |
| | : | CHAPTER 13 |
| EMIL KESSELRING III, DEBTOR | : | |
| | : | |
| RONDA J. WINNECOUR, STANDING | : | DOCUMENT NO. 47 40 |
| CHAPTER 13 TRUSTEE, Movant | : | |
| vs. | : | |
| EMIL KESSELRING III AND WELLS | : | |
| FARGO MORTGAGE A/K/A WELLS | : | |
| FARGO BANK, N.A., Respondents | : | |

MEMORANDUM

Emil Kesselring III ("Debtor") filed a voluntary Petition under Chapter 13 of the Bankruptcy Code on October 14, 2005. The Standing Chapter 13 Trustee ("Trustee") objects to the Debtor's eligibility to be a debtor under Chapter 13 pursuant to 11 U.S.C. §109(e) and seeks dismissal of the case and authorization to distribute to Debtor's creditors all funds which the Debtor has paid and that are held by the Trustee. Debtor opposes dismissal and asserts that if the case is dismissed without plan confirmation, all funds held by the Trustee must be refunded to the Debtor.

The issue is whether the claim of Wells Fargo Bank, N.A. ("Wells Fargo") is a secured or an unsecured claim for purposes of the determination of Debtor's eligibility under §109(e). If Wells Fargo is considered unsecured, then Debtor's total unsecured claims exceed the eligibility limit of $307,675 of §109(e).

Wells Fargo recorded a first mortgage against the real property located at 7320 Sterrettania Road, Fairview, PA, 16415 (the "Property") on November 25, 1996. The mortgage

1

in the original principal amount of $288,000 was executed by the then owners of the Property - Debtor and Karen Kesselring (hereinafter referred to as "Non-Filing Co-Obligor").

On May 2, 2000, Debtor unilaterally and voluntarily recorded a general warranty deed conveying his entire legal and equitable interests to the Non-Filing Co-Obligor for nominal or no value.

The principal balance due on the mortgage as of the date of the Debtor's bankruptcy filing is approximately $255,208. Wells Fargo has sought relief from the automatic stay to foreclose on its mortgage on the Property.

The Debtor directs our attention to In re Gorman, 58 BR 372 (Bankr. ED NY 1986) in support of his position that a creditor holding a security interest in property belonging to a non-debtor is deemed to have a secured claim for purposes of determining the debtor's eligibility for relief under Chapter 13.

We think that the more appropriate view is expressed in In re Tomlinson, 116 BR 80, 81-82 (Bankr. ED MI 1990):

> The Debtor's other argument is more difficult to dispel. The Debtor cites In re Gorman, 58 B.R. 372 (Bankr.E.D.N.Y. 1986) for the proposition that a creditor holding a security interest in property belonging to a non-debtor is deemed to have a secured claim for purposes of determining the debtor's eligibility for relief under chapter 13. The trustee responds as follows: For a debt to be "secured" collateral must exist in which the debtor has an interest. Although [the Bank] holds a real estate mortgage, it is on property in which the [D]ebtor's ex-husband holds an interest. As part of a divorce settlement, the [D]ebtor transferred her interest in the real estate by a quit-claim deed. Since the [D]ebtor no longer has any interest in the property, the debt owed to [the Bank], by definition alone, could only be classified a [sic] "unsecured as to the [D]ebtor.
>
> Page 5 of the Trustee's Brief Objecting to Petitioner's Eligibility (emphasis added). Unfortunately, the trustee merely states the ultimate question for determination without supplying any support for his conclusion. Nonetheless, we

2

believe the trustee's view is the correct one.

The extent to which a claim is secured is crucial in a number of areas in bankruptcy cases. See generally 3 Collier on Bankruptcy, ¶506.05 (15th ed. 1989).

To determine secured status, the Code provides as follows:

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest...is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property...and is an unsecured claim to the extent that the value of such creditor's interest...is less than the amount of such allowed claim....11 U.S.C. § 506(a) (emphasis added). The emphasis in §506(a) highlights why the trustee's conclusion is correct. For purposes of determining how much of a claim in an estate is secured, one must look at the creditor's interest in the "estate's interest" in the property in question. The estate's interest in property is essentially coextensive with the non-exempt property interests held by the debtor at the time of filing his or her petition in bankruptcy. See Begier v. I.R.S., 496 U.S. 53, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990) (LEXIS 2925). Because the Debtor quit-claimed her interest in the mortgaged home prior to filing for bankruptcy, the estate's interest in the residence is nil. Accordingly, the Bank's interest in the estate's interest in such real estate is also nil, and the Bank's claim in this estate is wholly unsecured. Collier, supra (stating that "secured claim status cannot be based on a lien against ...collateral" which was validly transferred by the debtor prior to commencement of the bankruptcy case and in which the debtor no longer retains an interest (footnote omitted). To the extent Gorman, supra, holds to the contrary, we find it to be unpersuasive.

For these reasons, we conclude that the debt to the Bank is neither contingent nor secured. The trustee's objection to confirmation of the Debtor's plan is therefore sustained. Since the Debtor is not eligible to file under chapter 13, the case will be dismissed.

Id.

Other more recent cases agree with the rationale of Tomlinson. In re Lower, 311 BR 888, 892-93 (Bankr. D. Colo. 2004); In re Valenti, 310 BR 138, 148, fn. 6 (9th Cir. BAP, 2004); In re Maxfield, 159 BR 587, 588-89 (Bankr. D. Idaho, 1993). We find that the claim of Wells Fargo is an unsecured claim for purposes of §109(e). Debtor's total unsecured claims exceed the

eligibility limit of §109(e) and the case must be dismissed.

Even if Debtor had met the eligibility requirements for Chapter 13, the case would still be ripe for dismissal. The Debtor filed his Chapter 13 Plan on November 11, 2005. Plan payments are to begin 30 days after the filing of the plan. 11 U.S.C. §326(a). As of August 11, 2006, eight plan payments are due. Three have been made and no payments have been made since March 21, 2006.

11 U.S.C. §1326(a)(2) provides that in a Chapter 13 case where a plan is not confirmed, "the trustee shall return any plan payments to the debtor, after deducting any unpaid claim allowed under §503(b). No §503(b) claims have been asserted. The Trustee requests authority to distribute the funds in the Trustee's possession to the Debtor's unsecured creditors. The language of the statute is clear; the Trustee shall return any payment to the debtor if the plan is not confirmed, after paying administrative expenses.

For the above reasons, a standard order of dismissal will be entered.

Dated: SEP 7 2006

Warren W. Bentz
United States Bankruptcy Judge

c: Ronda J. Winnecour, Esq.
Gary V. Skiba, Esq.
Joseph P. Schalk, Esq.
Richard J. Parks, Esq.

4

FILED
SEP - 6 2006
CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA
ERIE OFFICE